UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TER OGANNISIAN GEROS,<br><br>                              Petitioner,<br><br>v.<br><br>WARDEN OF OTAY MESA<br>DETENTION CENTER,<br><br>                              Respondent. | Case No.: 26-CV-91 JLS (AHG)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 7) |

Presently before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 7). Also before the Court is Respondent's Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 9) and Petitioner's Traverse ("Traverse," ECF No. 10). For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 7).

## BACKGROUND

Petitioner, a native of Armenia and citizen of Russia, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since October 30, 2024, when he entered the United States at the San Ysidro Port of Entry. Pet.

¶ 1. Petitioner drove a vehicle into the United States without inspection and was later taken into custody. Ret. at 2. On November 1, 2025, Petitioner was issued a Notice to Appear, and Respondent initiated removal proceedings, which remain ongoing. *Id.* Petitioner's initial hearing before an Immigration Judge took place on November 18, 2024, and his individual merits hearing is scheduled for April 13, 2026. *Id.* Petitioner alleges that his continued detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. *Id.* ¶¶ 12–50.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I. Jurisdiction

Respondent argues that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioner's claims arise from DHS's decision to commence removal proceedings. Ret. at 4–5. The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any

26-CV-91 JLS (AHG)

alien under this chapter."  8 U.S.C. § 1252(g).  Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)).  Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7.  Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order.  Rather, Petitioner is challenging his prolonged detention without a bond hearing. *See generally* Pet.  Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025).  Therefore, § 1252(g) does not strip the Court of jurisdiction.

## II.    Merits

Detention under 8 U.S.C. § 1225 must comport with due process.  "Nearly all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases).  In determining whether detention has become unreasonable, courts evaluate various factors, including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).

Although a closer call given the superficial analysis provided to the Court by Petitioner's counsel, the Court finds that Petitioner is entitled to a bond hearing.  Petitioner argues that his prolonged detention—now exceeding fifteen months—without a bond hearing violates his constitutional rights.  Pet. at 2.  "Although Petitioner did not cite examples of district courts ordering a bond hearing where a petitioner was subject to mandatory detention for a comparable length of time, such examples abound . . . ." *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025) (collecting cases).  "Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Abdul Kadir v. Larose*, No. 25CV1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases).

The Court also finds that the length of detention is indefinite, as Petitioner's individual merits hearing is scheduled for April 13, 2026, and any appeals thereafter may take several years.  *See Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved").  As to any delay in proceedings, Petitioner submits that "individual hearings were continued at no fault to Petitioner . . . ." Pet. at 11.  There is no indication that Respondent has caused any delay.  Therefore, this factor does not weigh in favor of or against granting a bond hearing.  *See Rash v. LaRose*, No. 26V0008-LL-DEB, 2026 WL 249324, at *5 (S.D. Cal. Jan. 30, 2026).  In balancing these factors and affording greater weight to the length of Petitioner's detention, the Court finds that Petitioner's allegations establish that his detention is unreasonably prolonged. *See id.* at *4 ("The total length of detention is considered the most important factor.") (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019)).

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 7), and **ORDERS** Respondent to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondent's custody. The Parties **SHALL** file a Joint Status Report by March 10, 2026, informing the Court of the outcome of the hearing. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: February 18, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-91 JLS (AHG)